# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JASON J. NICHOLSON,
      Appellant,

      v.

DEPARTMENT OF THE TREASURY,
      Agency.

DOCKET NUMBER
DE-0752-21-0031-I-1

DATE:  November 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason J. Nicholson, Ogden, Utah, pro se.

Ian J. Watson, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal based on the charge of falsification.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On petition for review, the appellant submits new evidence that he claims will "prove that [he] did not make false statements." Petition for Review (PFR) File, Tab 1 at 4. The purported new evidence consists of a series of March 2021 email communications between the appellant and an attorney who represented him in his prior criminal proceedings, sent approximately 1 month after the issuance of the initial decision. PFR File, Tab 3 at 4-5. The appellant claims that the "[e]mails show attorney stating [that he] made copies of discs with [the M.P.] letters in 2013 proving they were received by the [Internal Revenue Service (IRS)] or IRS union in 2013" and that the attorney sent the "IRS [an] email stating [the appellant] did not create the [M.P.] letters." *Id.* at 1.

¶3 Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider a new argument raised for the first time on review absent a showing that it is based on new and material evidence). The appellant claims that he "[d]id not have the information at the time of previous MSPB case" and believes it would "make [his] case stronger if not provide a win for [his]

case." PFR File, Tab 1 at 4. The appellant provides no explanation why he did not contact his prior attorney to obtain a statement supporting his claim that the attorney provided him the letters on a CD-ROM in 2013 at any point during the agency's investigation or when he raised the claim on multiple occasions during the pendency of the appeal. *Id.* at 1-3; Initial Appeal File (IAF), Tab 10 at 45-46, Tab 21 at 1. The fact that the appellant chose not to contact the attorney until after the issuance of the initial decision does not make the information in the email communication regarding purported events several years prior new evidence.

¶4      Even if we were to consider the email communications, they provide no basis for disturbing the initial decision. The appellant contacted the attorney, asking him to confirm that the federal public defender had provided the appellant with a CD-ROM containing the "[M.P.] letters" and that the attorney had "sent an email to IRS management about [the] appellant not writing" the letters. PFR File, Tab 3 at 4. The attorney told the appellant in two different responses that he had "no idea about the source of the [M.P.] letters" and knew "nothing about the origin of the [M.P.] letters." *Id.* The appellant then responded that he "thought [he] gave [the attorney] a copy of the disc with the [M.P.] letters in March 2019." *Id.* at 5. He suggested that the attorney had sent the IRS an email about the appellant "not creating the [M.P.] letters," but also that the attorney "stated that [he] did not know the origin of the letters and that [he] remember[ed] seeing them several years ago and discussing them with the appellant." *Id.* Only after this prompting did the attorney purportedly respond, "That sounds correct" and that he "can say those things." *Id.* As argued by the agency in its response to the petition for review, the appellant did not include a sworn declaration from the attorney or otherwise prove the authenticity of the email correspondence. PFR File, Tab 5 at 6.

¶5      In any event, even assuming that the appellant's submission was a complete and genuine record of the email communications, the appellant claims to have

provided a copy of the M.P. letters to the attorney in March 2019, the same month in which he presented the purported letters to agency special agents investigating his misconduct. PFR File, Tab 3 at 5; IAF, Tab 7 at 23-24. Contrary to the appellant's assertion on review, the emails do not prove that the letters were "real" or that the agency received them in 2013. PFR File, Tab 3 at 1-2. The order granting the agency's motion to compel advised the appellant that his failure to produce the CD-ROM, which was responsive to the agency's discovery requests and not privileged, may result in sanctions and a negative inference. IAF, Tab 13 at 3-4; *see* 5 C.F.R. § 1201.43(a)(1) (when a party fails to comply with an order, an administrative judge may draw an inference in favor of the requesting party with regard to the information sought). The administrative judge found that the appellant's failure to produce his copy of the CD-ROM to agency counsel as ordered constituted evidence that his claim about receiving the CD-ROM from his prior criminal counsel was false, and we see no reason to determine that she abused her discretion in imposing such a sanction. IAF, Tab 24, Initial Decision (ID) at 15-16.

¶6    The appellant's remaining arguments on review constitute mere disagreement with the administrative judge's findings and are unavailing. He maintains that his request for back pay from 2011 to 2015 was "only a request meaning the IRS could approve or deny it if they wanted." PFR File, Tab 3 at 2-3. Regarding specification 1 of the falsification charge, the administrative judge found that the agency established that the appellant's time and attendance entries requesting more than 3 years of back pay were knowingly false and made with the intention of misleading the agency into providing back pay, to which he was not entitled, for his private material gain. ID at 20; *see Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶¶ 10-12 (2014) (stating that, to establish a charge of misrepresentation, falsification, or lying, an agency must prove that the appellant: (1) supplied wrong information; and (2) knowingly did so with the intention of defrauding, deceiving, or misleading the agency for his own private

material gain). The appellant's statement in the time and attendance request was the essence of the specification, not whether it was a request or a demand. Regarding the five specifications concerning his work product, the appellant largely repeats his claims that he correctly completed the taxpayer forms. PFR File, Tab 3 at 2-3; IAF, Tab 21 at 2, Tab 23 at 2. The administrative judge thoroughly reviewed the record evidence and made reasoned credibility findings in sustaining all 10 specifications of the falsification charge, and we find that the appellant has presented no basis for disturbing the initial decision. ID at 9-26; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶7        Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:        _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.